IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS P. ZAMBRANO,

    Petitioner,

  v.

RANDY GROUNDS, Warden,

    Respondent.

No. C 11-00229 CW (PR)

ORDER DENYING MOTION FOR RECONSIDERATION OR, ALTERNATIVELY, REQUEST FOR CERTIFICATE OF APPEALABILITY

(Docket no. 5)

    Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging as a violation of his constitutional rights a 2009 decision to deny him parole by the California Board of Parole Hearings (Board). Specifically, Petitioner claims that the Board's decision does not comport with due process because it is not supported by some evidence demonstrating that he poses a current unreasonable threat to the public.

    On February 15, 2011, the Court denied the petition, finding as follows:

> In the context of parole, a prisoner subject to a parole statute similar to California's receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied. Swarthout v. Cooke, No. 10-333, slip op. at 4-5 (U.S. Jan. 24, 2011). The attachments to the petition show Petitioner received at least this amount of process. The Constitution does not require more. Id. at 5.
>
> Whether the Board's decision was supported by some evidence of current dangerousness is irrelevant on a petition for a writ of habeas corpus in federal court. The Supreme Court has made clear that "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 6.

> For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. And pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

Feb. 15, 2011 Order at 1:17-2:10.

Petitioner now moves for reconsideration of the Court's decision denying the instant petition by arguing that the Supreme Court wrongly decided Cooke. Petitioner's disagreement with the Supreme Court's decision does not provide a basis for the Court to set aside the Order denying his habeas petition or the judgment thereon.

Further, Petitioner's renewed request for a certificate of appealability also is without merit. As the Ninth Circuit recently clarified: "Cooke was unequivocal in holding that if an inmate seeking parole receives an opportunity to be heard, a notification of the reasons as to denial of parole, and access to their records in advance, '[t]hat should . . . be [] the beginning and the end of [the] inquiry into whether [the inmate] received due process.'" Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) (quoting Cooke, 131 S. Ct. at 862). Because Petitioner herein has not disputed that he was provided with the above procedural safeguards at his hearing, and the record shows that he was, the Court continues to find that reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

//

//

1      Accordingly, for the foregoing reasons, Petitioner's motion
2 for reconsideration or, alternatively, request for a certificate of
3 appealability is DENIED.
4      This Order terminates Docket no. 5.
5      IT IS SO ORDERED.
6 Dated: 2/3/2012

                                    CLAUDIA WILKEN
                                    UNITED STATES DISTRICT JUDGE